# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-4688 PA (ASx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | John B. Mutean, et al. v. Wells Fargo Bank, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs John B. Mutean and Cornelia Mutean (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4688 PA (ASx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | John B. Mutean, et al. v. Wells Fargo Bank, N.A. | | |

In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal alleges:

> Plaintiffs are California citizens based on domicile, as they plead residency and ownership of a home located at located [sic] at 14903 Rayfield Drive, La Mirada, California – the subject property in this action (the 'property' or 'subject property') (Compl. ¶¶ 5–6, 8; see also Compl. Exh. A [Deed of Trust].) Plaintiffs also plead residency in Los Angeles County. (Compl. ¶ 1.)

(Notice of Removal, 2.) The Notice of Removal further argues that the Complaint alleges claims that only apply to owner-occupied dwellings that are the borrower's primary residence. (Id.) As the Notice of Removal indicates, Plaintiffs' Complaint alleges that "[a]t all relevant times herein, Plaintiffs were individuals residing in the County of Los Angeles, in the State of California," and that Plaintiffs purchased the subject property in 1994. (Id., Exh. A, ¶¶ 1, 4.) Therefore, the Complaint alleges Plaintiffs' residence only. Because a person's residence – even his primary residence – is not the same as his domicile, the Notice of Removal's allegations are insufficient to establish Plaintiffs' citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

For the foregoing reasons, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. VC066293. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.